Dear Representative Cairns:
This opinion is in response to your question asking the following:
 Do Emergency Mental Health Coordinators, employed in private health care facilities, who are appointed by the Department of Mental Health in order to comply with the provisions of Senate Bill 651, passed by the Second Session of the 79th General Assembly, have immunity from suits filed by patients whose commitment they request or authorize? Such immunity seems to be authorized by sections 202.200 and 202.203 of Senate Bill 651.
Sections 202.200, S.B. 423, 80th Gen. Assembly provides:
 202.200. No officer of a public or private agency, mental health or retardation facility, nor the head or designee of the head, attending staff or consultants of any such agency or facility, nor any mental health coordinator, or any other public official performing functions necessary for the administration of chapter 202, nor any peace officer responsible for detaining a person pursuant to chapter 202 shall be civilly or criminally liable for detaining, conditionally releasing, or discharging a person pursuant to this chapter at or before the end of the period for which he was admitted or committed for evaluation or treatment provided that such duties were performed in good faith and without gross negligence.
Section 202.203 provides:
 202.203. No person making or filing an application alleging that a person should be involuntarily detained, certified, or committed, treated, or evaluated pursuant to this chapter shall be rendered civilly or criminally liable if the application was made and filed in good faith.
Under § 202.010(13), RSMo, a "mental health coordinator" is a psychiatrist, psychologist, psychiatric nurse or psychiatric social worker who has knowledge of the laws of this state concerning civil commitment and who is appointed by the Director of the Department of Mental Health or his designee to perform certain duties specified in Chapter 202 within a designated geographic area. Section 202.110, RSMo, authorizes the Director of the Department of Mental Health to "appoint such personnel including mental health coordinators as are necessary to carry out the provisions of this act."
The position of "emergency mental health coordinator" was created by Department of Mental Health regulation (Operating Regulation No. 186, revised December 29, 1978, attached) in anticipation that the number of mental health coordinators appointed to perform the tasks specified in Senate Bill 651 would prove insufficient to deal with the great volume of involuntary civil commitments in the public and private mental health facilities in this state. In section 1 of Operating Regulation No. 186, the term "emergency mental health coordinator" is defined as "a mental healthcoordinator, as defined in Chapter 202, RSMo, who serves on a part-time basis and who has the limited powers and duties as specified in this regulation" (emphasis supplied). As this regulation further states, the sole power of the emergency mental health coordinator is to authorize the emergency
admission and detention of persons under the "imminent harm" provision, § 202.123.3, S.B. 423, 80th Gen. Assembly, and this only when both the emergency mental health coordinator and a licensed physician (§ 202.010[10], RSMo) concur that such admission is appropriate.
As is evident from the above-emphasized language of Operating Regulation No. 186, the position of emergency mental health coordinator is nothing more than a subclass of mental health coordinator, as defined and authorized under Senate Bill 651; therefore, it remains only to be determined to what extent mental health coordinators in general may be held liable for emergency involuntary detentions under § 202.123.3 which they authorize or request in the course of their official duties.
The standard for such liability is clearly stated in § 202.200, quoted above; under that section, mental health coordinators, may not be held civilly or criminally liable for detaining a person pursuant to §§ 202.123, 202.127, S.B. 423, 80th Gen. Assembly as long as such action is performed "in good faith and without gross negligence." The only situation in which a person would actually be detained as the result of the action of a mental health coordinator (as compared to alleging that the person should be detained after a hearing — see § 202.203, RSMo) is one involving the emergency commitment provision, § 202.123.3, RSMo. Accordingly, it must be concluded that persons occupying the position of mental health coordinator, including those designated as "emergency mental health coordinators," may be held civilly or criminally liable for requesting or authorizing an involuntary civil commitment under § 202.123.3only when such commitment was performed in bad faith or with gross negligence.
CONCLUSION
It is the conclusion of this office that emergency mental health coordinators may not be held civilly or criminally liable for requesting or authorizing emergency involuntary civil commitments pursuant to their authority under § 202.123.3, S.B. 423, 80th Gen. Assembly provided that such commitment was performed in good faith and without gross negligence.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John M. Morris.
Very truly yours,
 JOHN ASHCROFT Attorney General
Attachment